NORMAN E. LEHRER, P.C.
Norman E. Lehrer, Esquire
1205 North Kings Highway
Cherry Hill, New Jersey 08034
856.429.4100
patents@pobox.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| NORTHERN EASTERN MANAGEMENT CORPORATION, | : : : | CIVIL ACTION NO. 14- |
| Plaintiff, | : | |
| v. | : : | COMPLAINT |
| 118 SOUTH BURGUNDY LLC, | : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

Plaintiff, for its complaint against Defendant, alleges and avers as follows:

THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Northern Eastern Management Company, is a New Jersey corporation, having a business address of 633 White Horse Pike, Absecon, New Jersey 08201.

2. Defendant, 118 South Burgundy LLC, is a Deleware limited liability company, having a business address of 116 S. North Carolina Avenue, Atlantic City, New Jersey 08401.

3. This Court has jurisdiction over Count I of this complaint under 28 U.S.C. §1338(a) and 15 U.S.C. §1121 in that the cause of action stated herein arises under the Trademark Laws of the United States and, particularly, 15 U.S.C. §1125(a). This Court has jurisdiction over the remaining counts herein under the provisions of 28 U.S.C. §1338(b) in that the claims set forth therein are joined with substantial and related claims under the Trademark Laws of the United States. Jurisdiction over the remaining counts is also proper under 28 U.S.C. §1367.

4. Venue is proper in this judicial district under 28 U.S.C. §1391.

## FACTS APPLICABLE TO ALL COUNTS

5. For more than twenty years, Plaintiff, through predecessors-in-interest, has utilized the arbitrary and fanciful name SUPERLODGE as a service mark and trade name in connection with the operation of a motel in the Atlantic City/Absecon, New Jersey area.

6. Travelers from New Jersey and from numerous other states including Pennsylvania and New York frequent Plaintiff's SUPERLODGE motel which is conveniently located on a main road leading into Atlantic City.

7. As a result of Plaintiff's long and substantially exclusive use of the name SUPERLODGE, the same has acquired secondary meaning and the consuming public has come to recognize that name as identifying the services offered by Plaintiff and by Plaintiff only.

8. For many years, Defendant and its predecessors-in-interest, operated a motel in Atlantic City under the name BURGUNDY MOTOR INN.

9. In or about July 2014, long after Plaintiff (through its predecessors-in-interest) began using the service mark and trade name SUPERLODGE, Defendant changed the name of its motel to SUPERLODGE.

10. Defendant's motel services are in direct competition with Plaintiff and are being offered to the same class of consumer.

11. Defendant adopted the name SUPERLODGE with full knowledge of Plaintiff's rights and with the willful intent to infringe upon Plaintiff's service mark and trade name.

## COUNT I - FEDERAL UNFAIR COMPETITION

12. Plaintiff repeats the allegations of Paragraphs 1-11 above as if fully set forth herein.

13. Defendant's adoption and use of Plaintiff's service mark and trade name is without permission or authority of Plaintiff and is likely to cause confusion or mistake or to mislead the relevant public into believing that its services originate with Plaintiff or that Defendant is somehow connected to or related to Plaintiff and, therefore, constitutes a false description and false representation in violation of 15 U.S.C. §1125(a).

## COUNT II - STATE STATUTORY INFRINGEMENT AND UNFAIR COMPETITION

14. Plaintiff repeats the allegations of Paragraphs 1-13 above as if fully set forth herein.

15. The above-described acts of Defendant also constitute infringement and unfair competition in violation of the statutory laws of New Jersey (N.J.S.A. §56:4-1 to 2).

### COUNT III - COMMON LAW UNFAIR COMPETITION

16. Plaintiff repeats the allegations of Paragraphs 1-15 above as if fully set forth herein.

17. The above-described acts of Defendant also constitute unfair competition under the common law of New Jersey.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its agents, servants, employees and attorneys and all those persons in active concert or participation with it who receive actual notice hereof be enjoined pendente lite and thereafter from utilizing the name SUPERLODGE or any name or mark that is confusingly similar thereto in connection with the operation of a motel or hotel in the Atlantic City area.

B. That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant and, in addition, the damages sustained by Plaintiff as a result of Defendant's infringement and unfair competition together with legal interest from the date of accrual thereof and that, because of the willful nature of such infringement and unfair competition, and pursuant to 15 U.S.C. §1117 and state law, the Court enter judgment for three times the amount of said damages.

C. That pursuant to 15 U.S.C. §1117 and state law, Defendant be required to pay Plaintiff the cost of this action and reasonable attorney's fees.

      D.      That Plaintiff have such other and further relief as this Court deems just and proper.

NORMAN E. LEHRER, P.C.

By: /s/ Norman E. Lehrer
    Norman E. Lehrer
    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by its attorney, hereby demands a trial by jury of all issues triable by jury.

NORMAN E. LEHRER, P.C.

By: /s/ Norman E. Lehrer
    Norman E. Lehrer
    Attorneys for Plaintiff

## DECLARATION UNDER LOCAL RULE 11.2

I hereby declare that, to the best of my knowledge, this matter is not the subject of any other pending action in any court, or of any pending arbitration or administrative proceeding.

                              NORMAN E. LEHRER, P.C.

                        By: /s/ Norman E. Lehrer
                              Norman E. Lehrer
                              Attorneys for Plaintiff